**COMMONWEALTH of Kentucky, Appellant,**

v.

**Phillip W. MEYERS, Appellee.**

**No. 1998–CA–000812–MR.**

Court of Appeals of Kentucky.

Dec. 17, 1999.

A.B. Chandler, III, Attorney General, Vickie Wise, Assistant Attorney General, Frankfort, for Appellant.

Gene Lewter, Lexington, for Appellee.

*OPINION*

MILLER, Judge.

The Commonwealth of Kentucky brings this appeal from a March 31, 1998 Judgment of the Fayette Circuit Court. We affirm.

On November 17, 1997, Phillip W. Meyers was indicted by a Fayette County Grand Jury upon the charges of second-degree trafficking in a controlled substance (Kentucky Revised Statutes (KRS) 218A.1413); trafficking in a controlled substance within 1,000 yards of a school (KRS 218A.1411); and possession of drug paraphernalia, second offense (KRS 218A.500(2)). Meyers was also charged as being a first-degree persistent felony offender (PFO I) (KRS 532.080(3)). Pursuant to a plea agreement with the Commonwealth, Meyers entered a guilty plea to the charge of possession of drug paraphernalia (second offense), a Class D felony and the amended charge of second-degree persistent felony offender (PFO II) (KRS 532.080(2)). Pursuant to the same plea agreement, the court dismissed the remaining charges. Prior to sentencing, Meyers filed a motion requesting he be considered for probation; he argued failure to do so would deprive him of his constitutional rights. On March 27, 1998, the circuit court sentenced Meyers to five years' imprisonment probated for a period of five years. The Commonwealth brings this appeal.

Within a single statute, KRS 532.080, our legislature has established two classifications for recidivist violators. Those convicted of a felony after having been convicted of one previous felony are persistent felony offenders (PFOs) in the second degree and punished accordingly. KRS 532.080(2). Those convicted of a felony after having been convicted of two or more felonies are PFOs in the first degree and are punished more severely. KRS 532.080(3). The legislature has also drawn a distinction between PFO I Class D felons and PFO II Class D felons regarding probation, shock probation, and conditional discharge.

KRS 532.080(5)[1] and (7) provide in relevant part:

(5) A person who is found to be a persistent felony offender in the second degree shall be sentenced to an indeterminate term of imprisonment.... *A person who is found to be a persistent felony offender in the second degree shall not be eligible for probation, shock probation, or conditional discharge.*

(7) *If the offense the person presently stands convicted of is a Class A, B, or C felony,* a person who is found to be a persistent felony offender in the first degree shall not be eligible for probation, shock probation, or conditional discharge ... (Emphases added.)

Under the above statutory scheme, an individual convicted of a Class D felony and found to be a PFO I (PFO I Class D felon) is eligible for probation, shock probation, and conditional discharge;[2] whereas, an individual convicted of a Class D felony and found to be a PFO II (PFO II Class D felon) is ineligible for same. Such difference in treatment · is indeed baffling as PFO I Class D felons are the more pestilent offenders. Upon its face, the above distinction between PFO I Class D felons and PFO II Class D felons seems to offend common notions of equality and fair play. Perhaps perceiving same, the circuit court disregarded Subsection (5) and granted Meyers probation. Viewing no constitutional impingement, the Commonwealth argues the circuit court erred by granting Meyers probation.

It is, of course, within the particular province of the judiciary to adjudge the constitutionality of legislative enactments. Such authority rests in the inherent power of the courts and is a necessary component of our tripartite government. In the case · *sub judice*, our inquiry focuses solely upon the classification created by juxtaposing KRS 532.080(5) and (7)[3]: Subsection (7) **granting** PFO I Class D felons the opportunity of probation, shock probation, or conditional discharge and Subsection (5) **excluding** PFO II Class D felons from same. We are thus called upon to discern the constitutionality of the classification of PFO I Class D felons and PFO II Class D felons relative to probation, shock probation, and conditional discharge.

Probation and conditional discharge are contemporary facets of present day penology. They afford the state an opportunity to accomplish rehabilitation without incarceration, thus lessening the financial burden to society. Probation and conditional discharge are also of great importance to those standing convicted. Unlike parole, which comes after a period of servitude, probation and conditional discharge require minimal, if any, incarceration. In the final analysis, individual liberty is at stake. This being true, the matter of probation certainly has constitutional implications. *See Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

Equal treatment under the law has been the quest of peoples throughout history. It has come to fruition as a fundamental notion in society finding expression through philosophy, theology, and finally, the law. It is not a stagnant principle— unmoving, unchanging, or unyielding. In-

---

1. We are reviewing Kentucky Revised Statutes 532.080(5) as amended July 15, 1994. Said subsection was again amended in 1998 to allow Persistent Felony Offender (PFO) II Class D felons to be considered for probation, shock probation, and conditional discharge.

2. Subsection (7) accomplishes this by denying eligibility to those convicted of Class A, B, or C felonies. By omission and implication, PFO I felons standing convicted of a Class D felony are eligible.

3. We shall hereafter sometimes refer to this classification as merely the "classification" or the "classification of PFO I Class D felons and PFO II Class D felons"; however, our opinion should not be misconstrued as passing judgment upon the general classification of PFO I Class D felons and PFO II Class D felons. Our concern is directed solely to · the classification apropos to probation, shock probation, and conditional discharge.

stead, it has the fluidity to respond to ever changing social mores. As society reforms itself, notions of equality are inextricably aligned.

■ The basic principle of equal protection of the law is fixed and secured by our Federal and State Constitutions. U.S. Const. amend. XIV, and Ky. Const. § 2 and § 3. Its evolving nature, however, innately remains. A determination of unconstitutional discrimination must "never be confined to historical notions of equality." *See Harper v. Virginia State Board of Elections*, 383 U.S. 663, 669, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966). Equality rests largely upon contemporary notions of fair play. Upon this analysis, we examine the assertion that the classification of PFO I Class D felons and PFO II Class D felons violates the constitutional guarantees of equal protection of the law.

■ To pass constitutional muster upon equal protection grounds, the classification of PFO I Class D felons and PFO II Class D felons must be rationally related to a legitimate state interest. This "rational basis test" has been eruditely articulated as follows:

The Equal Protection Clause of the Fourteenth Amendment, § 1, commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." Of course, most laws differentiate in some fashion between classes of persons. The Equal Protection Clause does not forbid classifications. *It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike.*

... *the Equal Protection Clause requires only that the classification rationally further a legitimate state interest.*

. . . .

*The appropriate standard of review is whether the difference in treatment ... rationally furthers a legitimate state interest.* In general, the Equal Protection Clause is satisfied so long as there is a plausible policy reason for the classification ... and the relationship of the classification to its goal is not so attenuated as to render the distinction *arbitrary* or *irrational* ....

*Nordlinger v. Hahn*, 505 U.S. 1, 10–11, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992) (emphases added) (citations omitted).[4] Simply stated, there must exist a legitimate state interest rationally related to the differential treatment afforded PFO I Class D felons and PFO II Class D felons. If such interest exists, the classification is constitutional; if such does not exist, the classification is unconstitutional.

The apparent state interest in classification of PFO I Class D felons and PFO II Class D felons is that of reducing overcrowding in prisons.[5] It is undeniable that fewer individuals are incarcerated by allowing PFO I Class D felons to be considered for probation, shock probation, or conditional discharge. It is, thus, a valid argument that this provision, in fact, decreases prison population. The inquiry, however, does not end there. The equal protection analysis is not solely concerned with the resulting effect of a statutory provision. The relevant inquiry under the equal protection analysis is whether the classification (that is, the **difference in treatment**) is rationally related to a legitimate governmental interest. *See Nordlinger*, 505 U.S. 1, 112 S.Ct. 2326. In short, the classification of PFO I Class D felons and PFO II Class D felons must rationally further the state's goal of reducing prison

---

**4.** The standards for equal protection analysis under the Kentucky Constitution are the same as those under the Fourteenth Amendment of the United States Constitution. *Children's Psychiatric Hospital of Northern Kentucky, Inc. v. Revenue Cabinet, Commonwealth*, Ky., 989 S.W.2d 583 (1999), and *Delta Air Lines, Inc. v. Commonwealth, Revenue Cabinet*, Ky., 689 S.W.2d 14 (1985).

**5.** Found in legislative pronouncement 1996 Ky. Acts 247.

over-crowding. To that end, we cannot so conclude.

We are unable to fathom a rational justification for the difference in treatment between PFO I Class D felons and PFO II Class D felons. The goal of reducing prison over-crowding might easily be attained by considering both PFO I Class D felons or PFO II Class D felons for probation, shock probation, or conditional discharge. We perceive the relationship between the goal and the classification to be at best tenuous. The classification's irrationality is more amply illuminated by consideration of the policy interest underlying the PFO sentencing scheme as a whole.

PFOs are classified based upon the number of prior felony offenses. Such classification has been held to serve the legitimate state interest of punishing more severely those who repeatedly commit felonies. *See Collett v. Commonwealth,* Ky. App., 686 S.W.2d 822 (1984). Such interest was a major policy consideration behind the enactment of the PFO sentencing scheme. It seems to us that allowing the more recidivist felony offenders probation, shock probation, or conditional discharge while denying lesser offenders the same privilege, undermines the policy interest behind the penal goal. Indeed, the result is quite absurd. The inveterate felony offenders might be treated more leniently than the less frequent offenders. Legislation that rests upon such irrationality cannot withstand constitutional scrutiny. We can think of no plausible basis to support the constitutionality of the classification. As such, we are of the opinion such differentiation cannot withstand the rational basis test. We view the classification void of rational justification and violative of equal protection of the law.[6]

■ The unconstitutional classification of PFO I and PFO II Class D felons relative to probation, shock probation, and conditional discharge is, of course, the product of KRS 532.080(5) and (7). We perceive such statutory classification as being "underinclusive." Simply stated, it **excludes** a class of persons similarly situated without legally sufficient governmental purpose.

■ As decisively observed in *Welsh v. United States,* 398 U.S. 333, 361, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970) (Harlan, J., concurring in result):

> Where a statute is defective because of *underinclusion* there exist two remedial alternatives: a court may either declare it a nullity and order that its benefits not extend to the class that the legislature intended to benefit, *or it may extend the coverage of the statute to include those who are aggrieved by exclusion.* (Emphases added.) (Citations omitted.)

*See also Califano v. Westcott,* 443 U.S. 76, 99 S.Ct. 2655, 61 L.Ed.2d 382 (1979); and *Iowa–Des Moines National Bank v. Bennett,* 284 U.S. 239, 52 S.Ct. 133, 76 L.Ed. 265 (1931). We think the above rule broad enough to encompass our case.

■ In deciding between the two above alternatives, we are to be guided by legislative intent. *Califano,* 443 U.S. 76, 99 S.Ct. 2655. Simply put, we are to "accommodate as fully as possible the policies and judgments expressed in the statutory scheme as a whole." *Id.* at 94, 99 S.Ct. 2655 (citing *Welsh,* 398 U.S. 333, 90 S.Ct. 1792). In so doing, we hold that the "benefit"—eligibility for probation, shock probation, and conditional discharge—should be extended to PFO II Class D felons. We are buttressed in our decision by the legislature's subsequent amendment of KRS 532.050(5) in 1998, which granted PFO II Class D felons such eligibility for probation, shock probation, and conditional discharge. We deem this to be a valid consideration. 73 Am.Jur.2d *Statutes* § 178 (1974). We also believe the exten-

**6.** We also harbor grave concern as to the constitutionality of the classification based upon due process grounds.

sion of benefits to PFO II Class D felons more aptly comports with legislative intent to reduce prison population.

In sum, we hold that PFO II Class D felons are eligible for probation, shock probation, and conditional discharge as are PFO I Class D felons. Hence, we are of the opinion that the circuit court did not err by considering Meyers for probation.

For the foregoing reasons, the Judgment of the Fayette Circuit Court is affirmed.

Judges BUCKINGHAM, COMBS, GARDNER, GUIDUGLI,
HUDDLESTON, JOHNSON, KNOPF, KNOX, McANULTY, and SCHRODER concur.

Chief Judge GUDGEL and Judges DYCHE and EMBERTON concur in result only.