FINANCE AND ADMINISTRATION CABINET, DEPARTMENT OF REVENUE, Commonwealth of Kentucky, Appellant,

v.

Morris BEYER and Linda Beyer, Appellees.

No. 2004–CA–002598–DG.

Court of Appeals of Kentucky.

March 10, 2006.

Case Ordered Published by Court of Appeals May 26, 2006.

Stephen G. Dickerson, Finance and Administration Cabinet, Frankfort, KY, for appellant.

J. Ronald Jackson, Jackson & Page, PLLC, Paducah, KY, for appellees.

Before TACKETT, TAYLOR, and VANMETER, Judges.

## OPINION

TAYLOR, Judge.

Finance and Administration Cabinet, Department of Revenue, Commonwealth of Kentucky, (Finance Cabinet) brings this appeal from a November 18, 2004, order of the McCracken Circuit Court affirming a summary judgment of the McCracken District Court which declared Kentucky Revised Statutes (KRS) 138.450(12)(a) and (f) unconstitutional as violative of the equal protection clause of the Fourteenth Amendment of the United States Constitution and Section 2 of the Kentucky Constitution. We reverse.

The facts of this appeal are rather straightforward and were succinctly set forth by the district court in its order granting summary judgment:

2. KRS 138.460 imposes a use tax on the use in this state of every motor vehicle (with exceptions not relevant to this litigation) at the rate of six percent (6%) of the "retail price" of the motor vehicle.

3. KRS 138.450(12)(a) defines "retail price" for "new, dealer demonstrator, previous model year motor vehicles and U–Drive–It motor vehicles that have been transferred within one hundred eighty (180) days of being registered as a U–Drive–It and that have less than five thousand (5,000) miles" as the total consideration given at the time of purchase or at a later date, *including* any trade-in allowance.

4. KRS 138.450(12)(f) defines "retail price" for "used motor vehicles previously registered in Kentucky that are sold in Kentucky, and U–Drive–It motor vehicles that are not transferred within one hundred eighty (180) days of being registered as a U–Drive–It or that have more than five thousand (5,000) miles" as the total consideration given, *exclud-*

*ing* any amount allowed as a trade-in allowance by the seller.

5. Plaintiffs [Morris Beyer and Linda Beyer] purchased a 1999 Ford F–350 on or about October 23, 1998, and registered said vehicle in a timely fashion on October 26, 1998. Plaintiffs [Morris Beyer and Linda Beyer] paid under protest the motor vehicle usage tax pursuant to KRS 138.460 in the amount of $2,126.25 based upon a "retail price" for said vehicle of $35,437.00. The "retail price" was determined by taking 90% of the manufacturer's suggested retail price of $39,375.00 pursuant to KRS 138.450(12)(a)1.

6. Plaintiffs [Morris Beyer and Linda Beyer] paid for the 1999 Ford F–350 by trading in a used vehicle valued at $28,375.00 and paying cash to the dealer in the amount of $11,000.00.

7. Plaintiffs [Morris Beyer and Linda Beyer], as purchasers of the new 1999 Ford F–350, paid $1,466.25 more usage tax than they would have paid had they been able to exclude the amount of their trade in vehicle as a purchaser of a used vehicle would have been permitted to do so.

8. Plaintiffs [Morris Beyer and Linda Beyer] also purchased a 2001 Freightliner Model FL60 on or about October 5, 2000, and registered said vehicle in a timely fashion on October 12, 2000. Plaintiffs [Morris Beyer and Linda Beyer] paid under protest the motor vehicle usage tax pursuant to KRS 138.460 in the amount of $2,680.92 based upon a "retail price" for said vehicle of $44,682.00, the "total consideration given excluding any trade-in allowance" pursuant to KRS 138.450(12)(a).

9. Plaintiffs [Morris Beyer and Linda Beyer] paid for the 2001 Freightliner by trading in a used vehicle valued at $27,000.00, less a loan payoff of $25,707.08 for a net trade-in of $1,292.92, and paying cash to the dealer in the amount of $7,389.08.

10. Plaintiffs [Morris Beyer and Linda Beyer], as purchasers of the new 2001 Freightliner Model FL60, paid $1,620.00 more usage tax than they would have paid had they been able to exclude the amount of their trade in vehicle as a purchaser of a used vehicle would have been permitted to do so.

On October 25, 2000, Morris Beyer and Linda Beyer filed a complaint in the district court. Therein, the Beyers sought monetary damages and a declaration that KRS 138.450(12)(a) and (f) were unconstitutional as violative of the equal protection clause of the Fourteenth Amendment of the United States Constitution and Section 2 of the Kentucky Constitution.

On September 10, 2004, the district court entered summary judgment concluding that there were no genuine issues of material fact and that KRS 138.450(12)(a) and (f) were unconstitutional. Specifically, the court found:

> [T]he classifications of "new car purchaser" and "used car purchaser" as established by KRS 138.450(12) (a) and KRS 138.450(12) (f) unreasonably and arbitrarily discriminated between purchasers of new cars and purchasers of used cars without there being any legitimate governmental purpose in doing so.

Further, the court believed there existed no rational basis for making the distinction between new and used motor vehicles for the purpose of the tax imposed by KRS 138.460. Being unsatisfied with the decision, the Finance Cabinet appealed to the circuit court. By order entered November 18, 2004, the circuit court affirmed the summary judgment of the district court. On December 17, 2004, the Finance Cabinet filed a motion for discretionary review with the Court of Appeals. Ky. R. Civ. P.

(CR) 76.20. The Court granted the motion by order entered February 14, 2005. This review follows.

The Finance Cabinet contends the district court committed error by determining that KRS 138.450(12)(a) and (f) were unconstitutional. The district court entered summary judgment declaring KRS 138.450(12)(a) and (f) violative of the equal protection clause of the Fourteenth Amendment of the United States Constitution. Summary judgment is proper where there exists no material issue of fact and movant is entitled to judgment as a matter of law. CR 56; *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991). In this appeal, the material facts are undisputed and resolution rests upon questions of law. For the reasons hereinafter elucidated, we are compelled to agree with the Finance Cabinet and hold that the district court erred by declaring KRS 138.450(12)(a) and (f) unconstitutional.

Resolution of this appeal revolves around the constitutionality of KRS 138.460(1) and KRS 138.450(12). KRS 138.460(1) reads as follows:

A tax levied upon its retail price at the rate of six percent (6%) shall be paid on the use in this state of every motor vehicle, except those exempted by KRS 138.470, at the time and in the manner provided in this section.

KRS 138.450(12) (a) and (f) provide, in part, as follows:

(a) For new, dealer demonstrator, previous model year motor vehicles and U–Drive–It motor vehicles that have been transferred within one hundred eighty (180) days of being registered as a U–Drive–It and that have less than five thousand (5,000) miles, "retail price" shall be the total consideration given at the time of purchase or at a later date, including any trade-in allowance as attested to in a notarized affidavit. . . .

. . . .

(f) For used motor vehicles previously registered in Kentucky that are sold in Kentucky, and U-Drive-It motor vehicles that are not transferred within one hundred eighty (180) days of being registered as a U-Drive-It or that have more than five thousand (5,000) miles, "retail price" means the total consideration given, excluding any amount allowed as a trade-in allowance by the seller. The trade-in allowance shall be disclosed in the notarized affidavit signed by the buyer and the seller attesting to the total consideration given. . . .

To survive a constitutional attack upon equal protection grounds, the classification between "used motor vehicle" and "new motor vehicle" as created by KRS 138.450(12) (a) and (f) must be rationally related to a legitimate governmental interest. The rational basis test has been explained by the United States Supreme Court as follows:

The Equal Protection Clause of the Fourteenth Amendment, § 1, commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws."

. . . .

[T]he Equal Protection Clause requires only that the classification rationally further a legitimate state interest.

. . . .

The appropriate standard of review is whether the difference in treatment . . . rationally furthers a legitimate state interest. In general, the Equal Protection Clause is satisfied so long as there is a plausible policy reason for the classification. . . .

*Nordlinger v. Hahn,* 505 U.S. 1, 10, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992) (citations omitted). Stated differently:

> The equal protection analysis is not solely concerned with the resulting effect of a statutory provision. The relevant inquiry under the equal protection analysis is whether the classification (that is, the **difference in treatment**) is rationally related to a legitimate governmental interest.

*Commonwealth v. Meyers,* 8 S.W.3d 58, 61 (Ky.App.1999).

The Finance Cabinet offers myriad justifications for the difference in treatment between a "used motor vehicle" and a "new motor vehicle." Having reviewed justifications, we view one as legitimate—the General Assembly intended to stimulate the used car market in this Commonwealth.

■ By permitting the retail price of a used motor vehicle to be setoff by the trade-in allowance, the legislature effectively lessened the tax burden upon used vehicle purchasers and thus, made the purchase of a used motor vehicle more economically attractive. By lowering the use tax upon a used motor vehicle, the used car industry undoubtedly benefited by a reduction in the total purchase price of a used car. We observe that economic growth is a legitimate governmental interest. Hence, we believe the difference in treatment between a "used motor vehicle"

and a "new motor vehicle," as found in KRS 138.450(12)(a) and (f), rationally furthers the goal of stimulating the used car industry. As there exists a legitimate state interest rationally related to the difference in treatment between a "used motor vehicle" and a "new motor vehicle," we are of the opinion that KRS 138.450(12)(a) and (f) do not violate the equal protection clause and the Fourteenth Amendment of the United States Constitution and the district court erred by so concluding.

■ As KRS 138.450(12)(a) and (f) further a legitimate governmental interest, we, likewise, conclude the distinction between a new car and a used car for the purpose of taxation was not an exercise of arbitrary power over property by the legislature. Accordingly, we hold that KRS 138.450(12)(a) and (f) do not violate Section 2 of the Kentucky Constitution.

■ We view the Finance Cabinet's remaining arguments to be without merit.[1]

For the foregoing reasons, the order of the McCracken Circuit Court is reversed.

ALL CONCUR.

---

1. The Finance and Administration Cabinet, Department of Revenue, Commonwealth of Kentucky (Finance Cabinet) also argued that the McCracken District Court lacked jurisdiction over this case. Upon consideration of Kentucky Revised Statutes 138.500 coupled with the unique facts herein, we believe the McCracken District Court was properly vested with subject matter jurisdiction to hear this dispute. Likewise, the Finance Cabinet collects the usage tax in McCracken County, and also would be subject to personal jurisdiction under this statute in McCracken County.