RENDERED:  MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0531-MR

COMMONWEALTH OF KENTUCKY          APPELLANT

v.     APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NOS. 95-CR-00963 AND 95-F-05289

CASSANDRA RICHARDSON          APPELLEE

AND

NO. 2022-CA-0533-MR

COMMONWEALTH OF KENTUCKY          APPELLANT

v.     APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 09-CR-00097

JUSTIN WRIGHT          APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: The Commonwealth of Kentucky brings Appeal No. 2022-CA-0531-MR from an April 14, 2022, order of the Fayette Circuit Court granting Cassandra Richardson's Application to Vacate and Expunge Felony Conviction. The Commonwealth of Kentucky also brings Appeal No. 2022-CA-0533-MR from an April 20, 2022, order granting Justin Wright's Application to Vacate and Expunge Felony Conviction. We reverse and remand both Appeal No. 2022-CA-0531-MR and Appeal No. 2022-CA-0533-MR.[1]

We shall first address Appeal No. 2022-CA-0531-MR and then Appeal No. 2022-CA-0533-MR.

<u>APPEAL NO. 2022-CA-0531-MR</u>

On October 24, 1995, Richardson was indicted by the Fayette County Grand Jury upon seventeen counts of theft by unlawful taking over $300 (Class D felony) and one count of theft by unlawful taking under $300. The Commonwealth and Richardson ultimately reached a plea agreement. Thereunder, Richardson pleaded guilty to two counts of theft by unlawful taking over $300, and the Commonwealth recommended a total of three-years' imprisonment. In a December 19, 1995, Judgment on Guilty Plea, the circuit court accepted

---

[1] By Order entered February 9, 2023, the Court of Appeals ordered Appeal Nos. 2022-CA-0531-MR and 2022-CA-0533-MR to be heard together per Kentucky Rules of Appellate Procedure 2(G).

Richardson's guilty plea to two counts of theft by unlawful taking over $300 and noted the Commonwealth's recommendation to dismiss the remaining counts. By Final Judgment entered January 23, 1996, the circuit court sentenced Richardson to a total of three-years' imprisonment upon her guilty plea to two counts of theft by unlawful taking over $300. The circuit court also dismissed the remaining charges "[u]pon motion of the Attorney of the Commonwealth." Final Judgment at 3.

On January 6, 2022, Richardson filed an Application to Vacate and Expunge Felony Conviction. Therein, Richardson sought expungement of the two counts of theft by unlawful taking over $300 to which she pleaded guilty and of the remaining fourteen counts of theft by unlawful taking over $300 and one count of theft by unlawful taking under $300 that were dismissed.

The Commonwealth filed a response. The Commonwealth did not object to expungement of Wright's conviction upon the two counts of theft by unlawful taking. However, the Commonwealth argued that the dismissed fifteen counts were ineligible for expungement pursuant to Kentucky Revised Statutes (KRS) 431.076(1)(b).

By order entered April 14, 2022, the circuit court granted Richardson's motion and ordered expungement of the two counts of theft by unlawful taking and the fifteen dismissed charges. The court determined that expungement was proper per KRS 431.073. This appeal follows.

The Commonwealth contends that the circuit court committed reversible error by expunging the fifteen counts that were dismissed pursuant to the plea agreement. The Commonwealth argues that the circuit court is not statutorily authorized to expunge criminal charges that were dismissed in exchange for a guilty plea to other charges. The Commonwealth believes that expungement of charges dismissed in exchange for a guilty plea is explicitly prohibited by KRS 431.076 and, thus, is unavailable under the plain terms of KRS 431.073.

The relevant statutory provisions are contained in KRS 431.073 and KRS 431.076. KRS 431.073 reads, in pertinent part:

(1) Any person who has been:

(a) Convicted of a Class D felony violation of KRS 17.175, 186.990, 194A.505, 194B.505, 217.181, 217.207, 217.208, 218A.140, 218A.1415, 218A.1416, 218A.1417, 218A.1418, 218A.1423, 218A.1439, 218A.282, 218A.284, 218A.286, 218A.320, 218A.322, 218A.324, 218A.500,244.165, 286.11-057, 304.47-025, 324.990, 365.241, 434.155, 434.675, 434.850, 434.872, 511.040, 512.020, 514.030, 514.040, 514.050, 514.060, 514.065, 514.070, 514.080, 514.090, 514.100, 514.110, 514.120, 514.140, 514.150, 514.160, 516.030, 516.060, 516.090, 516.108, 517.120, 518.040, 522.040, 524.100, 525.113, 526.020, 526.030, 528.020, 528.040, 528.050, 530.010, or 530.050;

(b) Convicted of a series of Class D felony violations of one (1) or more statutes enumerated in paragraph (a) of this subsection arising from a single incident;

(c) Granted a full pardon; or

(d) Convicted of a Class D felony, or an offense prior to January 1, 1975 which was punishable by not more than five (5) years' incarceration, which was not a violation of KRS 189A.010, 508.032, or 519.055, abuse of public office, a sex offense, or an offense committed against a child, and did not result in serious bodily injury or death; or of multiple felony offenses eligible under this paragraph; may file with the court in which he or she was convicted an application to have the judgment vacated. The application shall be filed as a motion in the original criminal case.  The person shall be informed of the right at the time of adjudication.

. . . .

(5) The court may order the judgment vacated, and if the judgment is vacated the court shall dismiss with prejudice any charges which are eligible for expungement under subsection (1) of this section or KRS 431.076 or 431.078, and, upon full payment of the fee in subsection (11) of this section, order expunged all records in the custody of the court and any records in the custody of any other agency or official, including law enforcement records[.]

And, KRS 431.076 provides, in relevant part:

(1)(a) On or after July 15, 2020, if a court enters an order of acquittal of criminal charges against a person, or enters an order dismissing with prejudice all criminal charges in a case against a person and not in exchange for a guilty plea to another charge, the court shall order the record expunged upon the expiration of thirty (30) days, unless the person objects to the expungement.  As used in this paragraph, "criminal charges" shall not include a traffic infraction not otherwise classified as a misdemeanor.  The order expunging the records shall not require any action by the person.

(b) A person who has been charged with a criminal offense and who has been acquitted of the charges, or against whom charges have been dismissed and not in exchange for a guilty plea to another charge, and whose records have not been expunged pursuant to paragraph (a) of this subsection, may petition the court in which the disposition of the charges was made to expunge all charges.

When a statute is clear and unambiguous and expresses legislative intent, the court is bound to give effect and apply that statute as written. *Commonwealth v. Letner*, 678 S.W.3d 101, 103 (Ky. App. 2023).

KRS 431.073(1) is plain and unambiguous. By its clear terms, KRS 431.073(1) only applies to a person convicted of a certain Class D felony or a person granted a pardon of a Class D felony. Here, Richardson was not convicted of the dismissed fifteen charges and, thus, may not expunge the dismissed charges under KRS 431.073(1). Richardson, however, argues that KRS 431.073(5) permits expungement of the fifteen dismissed charges.

KRS 431.073(5) is also plain and unambiguous. It merely provides for expungement of charges "eligible for expungement under subsection (1) of this section or KRS 431.076 or 431.078." We have previously concluded that Richardson is not eligible for expungement under subsection (1) of KRS 431.073 as she was not convicted of the dismissed fifteen charges. And, KRS 431.078 is inapplicable as it encompasses only expungement of misdemeanor charges. Therefore, our analysis turns to KRS 431.076.

The terms of KRS 431.076(1)(a) and (b) are clear and unambiguous. Thereunder, dismissed charges are only eligible for expungement if said charges were not dismissed "in exchange for a guilty plea to another charge." KRS 431.076(1)(a) and (b). In this case, the record clearly established that Richardson's dismissed charges were dismissed in exchange for Richardson's guilty plea to two counts of theft by unlawful taking over $300 and in conformity with the plea agreement. *See Commonwealth v. Davis*, ____ S.W.3d ____, 2024 WL 647270 (Ky. 2024). In a December 19, 1995, Judgment on Guilty Plea, the circuit court accepted Richardson's guilty plea to two counts of theft by unlawful taking over $300 and noted the Commonwealth's recommendation to dismiss the remaining fifteen counts. *See id.* Additionally, in the Final Judgment entered January 23, 1996, the circuit court specifically dismissed the fifteen charges upon motion of the Commonwealth. *See id.* Based upon the clear and unambiguous language of KRS 431.076, we conclude that Richardson's dismissed charges are ineligible for expungement.

In her appellee's brief, Richardson argues that KRS 431.073 and KRS 431.076 are unconstitutional as violative of equal protection and the prohibition against arbitrary power as set forth in Kentucky Constitution Sections 2 and 3 and the United States Constitution Amendment 14. In particular, Richardson maintains:

An interpretation of [KRS] 431.073 that forbids expunging charges dismissed in exchange for a guilty plea violates equal protection guarantees because it discriminates – without a substantial or justifiable reason – between (i) defendants whose charges were dismissed as part of a guilty plea, and (ii) defendants who were acquitted of the same charges. For purposes of this comparison, we must also assume that the two defendants were convicted of the same series of Class D felonies (either through a plea or through a jury verdict). Expungement statutes concern matters of social or economic policy and must, therefore, be judged according to the rational basis test. *Parker* [*v. Webster Co. Coal, LLC*, 529 S.W.3d 759, 465 (Ky. 2017)]. [KRS] 431.076 explicitly permits defendants who were acquitted to file for expungement: "A person who has been charged with a criminal offense and who has been acquitted of the charges . . . may petition the court in which the disposition of the charges was made to expunge all charges." [KRS] 431.076(l)(b). Therefore, if a jury had acquitted [Richardson] of Counts 3-18 the Commonwealth would have no argument that those charges were ineligible for expungement. However, "neither the federal nor state constitutions forbid . . . classification per se." *Vision Mining*[*, Inc. v. Gardner*, 364 S.W.3d 455, 465 (Ky. 2011)]. So the question becomes whether the distinction between acquittals and dismissals in exchange for a guilty plea has a reasonable basis.

The acquittal of a defendant does not imply that there was no evidence of his guilt. Rather, "it is the jury's civic duty to acquit the defendant if the evidence does not establish his guilt beyond a reasonable doubt." *Barnes v. Commonwealth*, 91 S.W. 3d 564, 568 (Ky 2002). Because of the mandatory high standard at jury trials – beyond a reasonable doubt – there is no reason to assume there is less evidence of guilt on acquitted charges than for the defendant whose charges were dismissed in exchange for a guilty plea.

Because an acquittal on a charge does not equate to a lack of all evidence of guilt, drawing this distinction for purposes of expungement does not rationally relate to any legitimate state interest . . . .

Richardson's brief at 11-12.

To survive Richardson's constitutional attack upon equal protection and arbitrariness grounds, the classification Richardson identifies (a defendant whose charges were dismissed in exchange for a guilty plea and a defendant whose charges were dismissed due to acquittal) must be rationally related to a legitimate governmental interest. *See Ballard v. Commonwealth*, 320 S.W.3d 69, 72 (Ky. 2010); *Commonwealth v. Meyers*, 8 S.W.3d 58, 61 (Ky. App. 1999). We believe the classification rationally furthers a legitimate state interest. It is reasonably conceivable that the Kentucky legislature viewed defendants whose charges were dismissed in exchange for plea agreements as presenting more of a threat to public safety than those defendants whose charges were dismissed as a result of acquittals. To further public safety, records relating to charges dismissed in exchange for a plea agreement are preserved and not subject to expungement. In view of such legitimate state interest, we hold that the classification does not offend equal protection or the prohibition against arbitrary power.

In summary, we are of the opinion that the circuit court erroneously ordered expungement of Richardson's fifteen dismissed charges. We, therefore,

reverse the April 14, 2022, order of the Fayette Circuit Court granting

Richardson's Application to Vacate and Expunge Felony Conviction as to the

fifteen dismissed charges.

On January 14, 2009, Wright was indicted by the Fayette County

Grand Jury upon first-degree trafficking in a controlled substance, second-degree

trafficking in a controlled substance, tampering with physical evidence, illegal

possession of legend drug, failure of nonowner operator to maintain insurance, rear

license not illuminated, and obstructed vision and/or windshield.  The

Commonwealth and Wright reached a plea agreement.  Under its plain terms,

Wright pleaded guilty to the amended charge of first-degree possession of

controlled substance, and the Commonwealth recommended a sentence of one-year

imprisonment.  In the October 28, 2009, Judgment on Guilty Plea, the circuit court

accepted Wright's guilty plea and ordered:

> [T]hat [Wright] is guilty of the crime(s) of Ct. 1 Am:
> Possession of Controlled Substance 1st Degree, and notes
> of record the Commonwealth's recommendation of a
> sentence of Ct. 1 one (1) year, Cts. 2-7 Dismissed, but
> reserves ruling on said recommendation until the
> Sentencing Hearing.

October 28, 2009, Judgment on Guilty Plea at 2.  By final judgment entered

December 16, 2009, the circuit court sentenced Wright to one-year imprisonment

and dismissed counts 2-7 of the indictment.

-10-

On January 14, 2022, Wright filed an Application to Vacate and Expunge Felony Conviction seeking expungement of his conviction of first-degree possession of a controlled substance and of the dismissed charges. The Commonwealth filed a response. Therein, the Commonwealth did not oppose Wright's application to expunge his conviction of first-degree possession of a controlled substance but did oppose expungement of the dismissed charges. The Commonwealth argued that the charges dismissed in exchange for a guilty plea to another charge may not be expunged.

By order entered April 20, 2022, the circuit court granted Wright's application for expungement and expunged Wright's conviction of first-degree possession of a controlled substance and Wright's dismissed charges. This appeal follows.

Consistent with our analysis in Appeal No. 2022-CA-0531-MR, Wright's dismissed charges are ineligible for expungement under KRS 431.073(1), as only charges that resulted in conviction or have been pardoned may be expunged thereunder. KRS 431.073(5) does provide for expungement of charges "eligible for expungement under . . . KRS 431.076 or KRS 431.078." To be eligible for expungement under KRS 431.076,[2] the charges must not have been

---

[2] Due to the divergent language utilized in Kentucky Revised Statutes 431.078, Justin Wright's dismissed misdemeanor charges may be eligible for expungement. However, Wright has made no such argument in this appeal.

dismissed "in exchange for a guilty plea to another charge." KRS 431.076(1)(a) and (b). The record clearly demonstrates that Wright's dismissed charges were, in fact, dismissed in exchange for Wright's guilty plea to first-degree possession of a controlled substance. *See Commonwealth v. Davis*, ____ S.W.3d ____, 2024 WL 647270 (Ky. 2024).

In the October 28, 2009, Judgment on Guilty Plea, the circuit court specifically noted the Commonwealth's recommendation that Counts 2-7 be dismissed, which was consistent with the terms of the plea agreement. And, in the December 16, 2009, final judgment, the circuit court again noted the Commonwealth's recommendation to dismiss Counts 2-7 and ordered these charges dismissed. The record clearly demonstrates that Wright's dismissed charges were dismissed in exchange for his guilty plea to first-degree possession of a controlled substance. *See id.* Therefore, we hold that Wright's dismissed charges were ineligible for expungement under KRS 431.076.

As in Appeal No. 2022-CA-0531-MR, Wright has made an identical argument challenging the constitutionality of KRS 431.073 and KRS 431.076 upon equal protection and arbitrariness grounds. And for the reasons previously set forth in that appeal, we, likewise, reject Wright's claim that KRS 431.073 and KRS 431.076 are unconstitutional.

In summary, we are of the opinion that the circuit court erroneously ordered expungement of Wright's dismissed charges. We, therefore, reverse the April 20, 2022, order granting Wright's Application to Vacate and Expunge Felony Conviction as to the dismissed charges.

For the foregoing, we reverse and remand Appeal No. 2022-CA-0531-MR and Appeal No. 2022-CA-0533-MR for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT
COMMONWEALTH OF
KENTUCKY:

Daniel J. Cameron
Attorney General
Frankfort, Kentucky

Bryan D. Morrow
Assistant Attorney General
Frankfort, Kentucky

BRIEFS FOR APPELLANT
COMMONWEALTH OF
KENTUCKY:

Daniel J. Cameron
Attorney General
Frankfort, Kentucky

Bryan D. Morrow
Assistant Attorney General
Frankfort, Kentucky

BRIEF FOR APPELLEE
CASSANDRA RICHARDSON:

Jennifer M. Casey
W. Preston Bell
Lexington, Kentucky

BRIEF FOR APPELLEE
JUSTIN WRIGHT:

W. Preston Bell
Jennifer Casey
Lexington, Kentucky