RENDERED: MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

**MODIFIED: JULY 12, 2024; 10:00 A.M.**

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0531-MR

COMMONWEALTH OF KENTUCKY        APPELLANT

v.        APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NOS. 95-CR-00963 AND 95-F-05289

C.R.        APPELLEE

AND

NO. 2022-CA-0533-MR

COMMONWEALTH OF KENTUCKY        APPELLANT

v.        APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 09-CR-00097

J.W.        APPELLEE

** ** ** ** **

BEFORE: CALDWELL, A. JONES, AND TAYLOR, JUDGES.

JONES, A., JUDGE: The Commonwealth of Kentucky brings Appeal No. 2022-CA-0531-MR from an April 14, 2022, order of the Fayette Circuit Court granting C.R.'s Application to Vacate and Expunge Felony Conviction. The Commonwealth of Kentucky also brings Appeal No. 2022-CA-0533-MR from an April 20, 2022, order granting J.W.'s Application to Vacate and Expunge Felony Conviction. We reverse and remand both Appeal No. 2022-CA-0531-MR and Appeal No. 2022-CA-0533-MR.[1]

## **MODIFICATION & RAP 5(B)(2)**

Following rendition of our original Opinion on March 22, 2024, Appellees filed a petition for modification requesting us to withdraw the opinion, which used the Appellees' real names, and enter a modified opinion using only their initials. In support of their petitions, Appellees cited RAP 5(B)(2). Notably, the Commonwealth affirmatively stated in its response that it did "not object to [Appellees'] petition[s] for modification."

---

[1] By Order entered February 9, 2023, the Court of Appeals ordered Appeal Nos. 2022-CA-0531-MR and 2022-CA-0533-MR to be heard together per Kentucky Rules of Appellate Procedure (RAP) 2(G).

RAP 5(B)(2) provides in relevant part that: "[i]nitials or a descriptive term must be used instead of a name in cases involving . . . expungements." Below, Appellees sought to expunge two categories of charges: (1) charges they pleaded guilty to; and (2) charges that were dismissed. The trial court granted expungement as to both types of charges. On appeal, the Commonwealth challenged the expungements only as to the dismissed charges. While we are reversing the trial court as to the expungements of the dismissed charges, the expungements of the other charges, having not been challenged on appeal, remain intact.

The finally expunged charges are inextricably interwoven with those challenged by the Commonwealth on appeal making it impossible to discuss and analyze the latter without mentioning the former. Since our Opinion discusses the finally expunged charges as well as the other charges, we believe both the spirit and the plain language of RAP 5(B)(2) dictate that we do not identify the parties by their real names. It is for this reason that the majority has concluded that modification of our prior Opinion is necessary to bring it into compliance with RAP 5(B)(2).

The dissent categorizes our interpretation of RAP 5(B)(2) as "liberal." To the contrary, in our view, we are simply applying the RAP as it is written after Appellees more explicitly called the RAP's application to these appeals to our

attention in their petition for modification. The RAP does not state that initials shall only be used in cases in which the expungement is affirmed by the reviewing court. Rather, as Appellees point out in their petition, it states that initials ***must*** be used in cases ***involving*** expungements.[2] These appeals irrefutably involve expungements. They require discussion of both the expungements being challenged by the Commonwealth on appeal and the finally expunged charges which the Commonwealth did not challenge.

The dissent makes much out of the Kentucky Supreme Court's use of the appellee's full name in *Commonwealth v. Davis*, 686 S.W.3d 167 (Ky. 2024). The *Davis* opinion does not contain any discussion of RAP 5(B)(2) and we cannot see from the appellate record that the issue was ever briefed by the parties or specifically addressed by the Court. Since *Davis* makes no explicit holding regarding RAP 5(B)(2), we respectfully disagree with the dissent's characterization of it as binding precedent regarding the use of initials (or lack thereof) in expungement-related cases. *Cawood v. Hensley*, 247 S.W.2d 27, 29 (Ky. 1952) ("The question actually before the court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it are considered in

---

[2] In interpreting statutes, we adhere to the maxim that "the Legislature meant exactly what it said, and said exactly what it meant." *Blackaby v. Barnes*, 614 S.W.3d 897, 901 (Ky. 2021) (quoting *Commonwealth v. Moore*, 545 S.W.3d 848, 851 (Ky. 2018)). We see no reason why the same should not hold true when interpreting judicial rules promulgated by our Supreme Court.

their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated.") (quoting *Cohens v. State of Virginia*, 19 U.S. 264, 339, 5 L. Ed. 257 (1821)).

Finally, while the transparency concerns expressed by the dissent are significant, we cannot allow those concerns alone to override our interpretation of RAP 5(B)(2)'s express language. The Kentucky Constitution undeniably delegates the authority to adopt rules of practice and procedure for the Court of Justice and rules governing appellate jurisdiction to the Kentucky Supreme Court. Ky. Const. 116. As a lower court, we are duty bound to follow those rules.[3] To the extent the RAPs require clarification or revision, we are confident the Supreme Court will address the issue in due course after appropriate deliberation. Until such time, we must apply the RAPs as they currently stand. And, such application, in our view, requires use of initials in all cases involving expungements. These are such cases.[4]

---

[3] The current RAPs became effective January 1, 2023, and necessarily must supersede any Administrative Orders entered by this Court prior to that date.

[4] The dissent expresses some concern that our interpretation of the RAPs will allow litigants to trigger RAP 5(B)(2) by mere use of the word "expungement" in their briefs. We are confident the learned jurists of this Commonwealth are clever enough to ferret out meritless attempts to invoke the rule. In any event, such trickery is clearly not afoot in these cases. The only issues presented before the trial court concerned expungement, and the Commonwealth itself has noted no objection to the use of initials in these appeals in compliance with RAP 5(B)(2).

On October 24, 1995, C.R. was indicted by the Fayette County Grand Jury upon seventeen counts of theft by unlawful taking over $300 (Class D felony) and one count of theft by unlawful taking under $300. The Commonwealth and C.R. ultimately reached a plea agreement. Thereunder, C.R. pleaded guilty to two counts of theft by unlawful taking over $300, and the Commonwealth recommended a total of three-years' imprisonment. In a December 19, 1995, Judgment on Guilty Plea, the circuit court accepted C.R.'s guilty plea to two counts of theft by unlawful taking over $300 and noted the Commonwealth's recommendation to dismiss the remaining counts. By Final Judgment entered January 23, 1996, the circuit court sentenced C.R. to a total of three-years' imprisonment upon her guilty plea to two counts of theft by unlawful taking over $300. The circuit court also dismissed the remaining charges "[u]pon motion of the Attorney of the Commonwealth." Final Judgment at 3.

On January 6, 2022, C.R. filed an Application to Vacate and Expunge Felony Conviction. Therein, C.R. sought expungement of the two counts of theft by unlawful taking over $300 to which she pleaded guilty and of the remaining fifteen counts of theft by unlawful taking over $300 and one count of theft by unlawful taking under $300 that were dismissed.

The Commonwealth filed a response. The Commonwealth did not object to expungement of C.R.'s conviction upon the two counts of theft by unlawful taking. However, the Commonwealth argued that the dismissed sixteen counts were ineligible for expungement pursuant to Kentucky Revised Statutes (KRS) 431.076(1)(b).

By order entered April 14, 2022, the circuit court granted C.R.'s motion and ordered expungement of the two counts of theft by unlawful taking and the sixteen dismissed charges. The court determined that expungement was proper per KRS 431.073. This appeal follows.

The Commonwealth contends that the circuit court committed reversible error by expunging the sixteen counts that were dismissed pursuant to the plea agreement. The Commonwealth argues that the circuit court is not statutorily authorized to expunge criminal charges that were dismissed in exchange for a guilty plea to other charges. The Commonwealth believes that expungement of charges dismissed in exchange for a guilty plea is explicitly prohibited by KRS 431.076 and, thus, is unavailable under the plain terms of KRS 431.073.

The relevant statutory provisions are contained in KRS 431.073 and KRS 431.076. KRS 431.073 reads, in pertinent part:

> (1) Any person who has been:
>
> > (a) Convicted of a Class D felony violation of KRS 17.175, 186.990, 194A.505, 194B.505, 217.181,

217.207, 217.208, 218A.140, 218A.1415, 218A.14 16, 218A.1417, 218A.1418, 218A.1423, 218A.1439, 218A.282, 218A.284, 218A.286, 218A.320, 218A.322, 218A.324, 218A.500,244.165, 286.11-057, 304.47-025, 324.990, 365.241, 434.155, 434.675, 434.850, 434.872, 511.040, 512.020, 514.030, 514.040, 514.050, 514.060, 514.065, 514.070, 514.080, 514.090, 514.100, 514.110, 514.120, 514.140, 514.150, 514.160, 516.030, 516.060, 516.090, 516.108, 517.120, 518.040, 522.040, 524.100, 525.113, 526.020, 526.030, 528.020, 528. 040, 528.050, 530.010, or 530.050;

(b) Convicted of a series of Class D felony violations of one (1) or more statutes enumerated in paragraph (a) of this subsection arising from a single incident;

(c) Granted a full pardon; or

(d) Convicted of a Class D felony, or an offense prior to January 1, 1975 which was punishable by not more than five (5) years' incarceration, which was not a violation of KRS 189A.010, 508.032, or 519.055, abuse of public office, a sex offense, or an offense committed against a child, and did not result in serious bodily injury or death; or of multiple felony offenses eligible under this paragraph; may file with the court in which he or she was convicted an application to have the judgment vacated. The application shall be filed as a motion in the original criminal case.  The person shall be informed of the right at the time of adjudication.

. . . .

(5) The court may order the judgment vacated, and if the judgment is vacated the court shall dismiss with

-8-

prejudice any charges which are eligible for expungement under subsection (1) of this section or KRS 431.076 or 431.078, and, upon full payment of the fee in subsection (11) of this section, order expunged all records in the custody of the court and any records in the custody of any other agency or official, including law enforcement records[.]

And, KRS 431.076 provides, in relevant part:

(1)(a) On or after July 15, 2020, if a court enters an order of acquittal of criminal charges against a person, or enters an order dismissing with prejudice all criminal charges in a case against a person and not in exchange for a guilty plea to another charge, the court shall order the record expunged upon the expiration of thirty (30) days, unless the person objects to the expungement. As used in this paragraph, "criminal charges" shall not include a traffic infraction not otherwise classified as a misdemeanor. The order expunging the records shall not require any action by the person.

(b) A person who has been charged with a criminal offense and who has been acquitted of the charges, or against whom charges have been dismissed and not in exchange for a guilty plea to another charge, and whose records have not been expunged pursuant to paragraph (a) of this subsection, may petition the court in which the disposition of the charges was made to expunge all charges.

When a statute is clear and unambiguous and expresses legislative intent, the court is bound to give effect and apply that statute as written. *Commonwealth v. Letner*, 678 S.W.3d 101, 103 (Ky. App. 2023).

-9-

KRS 431.073(1) is plain and unambiguous. By its clear terms, KRS 431.073(1) only applies to a person convicted of a certain Class D felony or a person granted a pardon of a Class D felony. Here, C.R. was not convicted of the dismissed sixteen charges and thus, may not expunge the dismissed charges under KRS 431.073(1). C.R., however, argues that KRS 431.073(5) permits expungement of the sixteen dismissed charges.

KRS 431.073(5) is also plain and unambiguous. It merely provides for expungement of charges "eligible for expungement under subsection (1) of this section or KRS 431.076 or 431.078." We have previously concluded that C.R. is not eligible for expungement under subsection (1) of KRS 431.073 as she was not convicted of the dismissed sixteen charges. And, KRS 431.078 is inapplicable as it encompasses only expungement of misdemeanor charges. Therefore, our analysis turns to KRS 431.076.

The terms of KRS 431.076(1)(a) and (b) are clear and unambiguous. Thereunder, dismissed charges are only eligible for expungement if said charges were not dismissed "in exchange for a guilty plea to another charge." KRS 431.076(1)(a) and (b). In this case, the record clearly established that C.R.'s dismissed charges were dismissed in exchange for C.R.'s guilty plea to two counts of theft by unlawful taking over $300 and in conformity with the plea agreement. *Davis*, 686 S.W.3d at 167. In a December 19, 1995, Judgment on Guilty Plea, the

circuit court accepted C.R.'s guilty plea to two counts of theft by unlawful taking over $300 and noted the Commonwealth's recommendation to dismiss the remaining sixteen counts. *See id.* Additionally, in the Final Judgment entered January 23, 1996, the circuit court specifically dismissed the sixteen charges upon motion of the Commonwealth. *See id.* Based upon the clear and unambiguous language of KRS 431.076, we conclude that C.R.'s dismissed charges are ineligible for expungement.

In her appellee's brief, C.R. argues that KRS 431.073 and KRS 431.076 are unconstitutional as violative of equal protection and the prohibition against arbitrary power as set forth in Kentucky Constitution Sections 2 and 3 and the United States Constitution Amendment 14. In particular, C.R. maintains.

> An interpretation of [KRS] 431.073 that forbids expunging charges dismissed in exchange for a guilty plea violates equal protection guarantees because it discriminates – without a substantial or justifiable reason – between (i) defendants whose charges were dismissed as part of a guilty plea, and (ii) defendants who were acquitted of the same charges. For purposes of this comparison, we must also assume that the two defendants were convicted of the same series of Class D felonies (either through a plea or through a jury verdict). Expungement statutes concern matters of social or economic policy and must, therefore, be judged according to the rational basis test. *Parker* [*v. Webster Co. Coal, LLC*, 529 S.W.3d 759, 465 (Ky. 2017)]. [KRS] 431.076 explicitly permits defendants who were acquitted to file for expungement: "A person who has been charged with a criminal offense and who has been acquitted of the charges . . . may petition the court in

-11-

which the disposition of the charges was made to expunge all charges." [KRS] 431.076(l)(b). Therefore, if a jury had acquitted [C.R.] of Counts 3-18 the Commonwealth would have no argument that those charges were ineligible for expungement. However, "neither the federal nor state constitutions forbid . . . classification per se." *Vision Mining*[*, Inc. v. Gardner*, 364 S.W.3d 455, 465 (Ky. 2011)]. So the question becomes whether the distinction between acquittals and dismissals in exchange for a guilty plea has a reasonable basis.

The acquittal of a defendant does not imply that there was no evidence of his guilt. Rather, "it is the jury's civic duty to acquit the defendant if the evidence does not establish his guilt beyond a reasonable doubt." *Barnes v. Commonwealth*, 91 S.W. 3d 564, 568 (Ky 2002). Because of the mandatory high standard at jury trials – beyond a reasonable doubt – there is no reason to assume there is less evidence of guilt on acquitted charges than for the defendant whose charges were dismissed in exchange for a guilty plea.

Because an acquittal on a charge does not equate to a lack of all evidence of guilt, drawing this distinction for purposes of expungement does not rationally relate to any legitimate state interest . . . .

C.R.'s brief at 11-12.

To survive C.R.'s constitutional attack upon equal protection and arbitrariness grounds, the classification C.R. identifies (a defendant whose charges were dismissed in exchange for a guilty plea and a defendant whose charges were dismissed due to acquittal) must be rationally related to a legitimate governmental interest. *See Ballard v. Commonwealth*, 320 S.W.3d 69, 72 (Ky. 2010);

-12-

*Commonwealth v. Meyers*, 8 S.W.3d 58, 61 (Ky. App. 1999). We believe the classification rationally furthers a legitimate state interest. It is reasonably conceivable that the Kentucky legislature viewed defendants whose charges were dismissed in exchange for plea agreements as presenting more of a threat to public safety than those defendants whose charges were dismissed as a result of acquittals. To further public safety, records relating to charges dismissed in exchange for a plea agreement are preserved and not subject to expungement. In view of such legitimate state interest, we hold that the classification does not offend equal protection or the prohibition against arbitrary power.

In summary, we are of the opinion that the circuit court erroneously ordered expungement of C.R.'s sixteen dismissed charges. We, therefore, reverse the April 14, 2022, order of the Fayette Circuit Court granting C.R.'s Application to Vacate and Expunge Felony Conviction as to the sixteen dismissed charges.

### APPEAL NO. 2022-CA-0533-MR

On January 14, 2009, J.W. was indicted by the Fayette County Grand Jury upon first-degree trafficking in a controlled substance, second-degree trafficking in a controlled substance, tampering with physical evidence, illegal possession of legend drug, failure of nonowner operator to maintain insurance, rear license not illuminated, and obstructed vision and/or windshield. The Commonwealth and J.W. reached a plea agreement. Under its plain terms, J.W.

-13-

pleaded guilty to the amended charge of first-degree possession of controlled substance, and the Commonwealth recommended a sentence of one-year imprisonment. In the October 28, 2009, Judgment on Guilty Plea, the circuit court accepted J.W.'s guilty plea and ordered:

> [T]hat [Wright] is guilty of the crime(s) of Ct. 1 Am:
> Possession of Controlled Substance 1st Degree, and notes
> of record the Commonwealth's recommendation of a
> sentence of Ct. 1 one (1) year, Cts. 2-7 Dismissed, but
> reserves ruling on said recommendation until the
> Sentencing Hearing.

October 28, 2009, Judgment on Guilty Plea at 2. By final judgment entered December 16, 2009, the circuit court sentenced J.W. to one-year imprisonment and dismissed counts 2-7 of the indictment.

On January 14, 2022, J.W. filed an Application to Vacate and Expunge Felony Conviction seeking expungement of his conviction of first-degree possession of a controlled substance and of the dismissed charges. The Commonwealth filed a response. Therein, the Commonwealth did not oppose J.W.'s application to expunge his conviction of first-degree possession of a controlled substance but did oppose expungement of the dismissed charges. The Commonwealth argued that the charges dismissed in exchange for a guilty plea to another charge may not be expunged.

By order entered April 20, 2022, the circuit court granted J.W.'s application for expungement and expunged Wright's conviction of first-degree

possession of a controlled substance and J.W.'s dismissed charges. This appeal follows.

Consistent with our analysis in Appeal No. 2022-CA-0531-MR, J.W.'s dismissed charges are ineligible for expungement under KRS 431.073(1), as only charges that resulted in conviction or have been pardoned may be expunged thereunder. KRS 431.073(5) does provide for expungement of charges "eligible for expungement under . . . KRS 431.076 or KRS 431.078." To be eligible for expungement under KRS 431.076,[5] the charges must not have been dismissed "in exchange for a guilty plea to another charge." KRS 431.076(1)(a) and (b). The record clearly demonstrates that J.W.'s dismissed charges were, in fact, dismissed in exchange for J.W.'s guilty plea to first-degree possession of a controlled substance. *Davis*, 686 S.W.3d at 167.

In the October 28, 2009, Judgment on Guilty Plea, the circuit court specifically noted the Commonwealth's recommendation that Counts 2-7 be dismissed, which was consistent with the terms of the plea agreement. And, in the December 16, 2009, final judgment, the circuit court again noted the Commonwealth's recommendation to dismiss Counts 2-7 and ordered these charges dismissed. The record clearly demonstrates that J.W.'s dismissed charges

[5] Due to the divergent language utilized in KRS 431.078, J.W.'s dismissed misdemeanor charges may be eligible for expungement. However, J.W. has made no such argument in this appeal.

-15-

were dismissed in exchange for his guilty plea to first-degree possession of a controlled substance. *See id.* Therefore, we hold that J.W.'s dismissed charges were ineligible for expungement under KRS 431.076.

As in Appeal No. 2022-CA-0531-MR, J.W. has made an identical argument challenging the constitutionality of KRS 431.073 and KRS 431.076 upon equal protection and arbitrariness grounds. And for the reasons previously set forth in that appeal, we, likewise, reject J.W.'s claim that KRS 431.073 and KRS 431.076 are unconstitutional.

In summary, we are of the opinion that the circuit court erroneously ordered expungement of J.W.'s dismissed charges. We, therefore, reverse the April 20, 2022, order granting J.W.'s Application to Vacate and Expunge Felony Conviction as to the dismissed charges.

For the foregoing, we reverse and remand Appeal No. 2022-CA-0531-MR and Appeal No. 2022-CA-0533-MR for proceedings consistent with this Opinion.

CALDWELL, JUDGE, CONCURS.

TAYLOR, JUDGE, CONCURS IN PART AND DISSENTS IN PART AND WRITES SEPARATE OPINION.

TAYLOR, JUDGE, CONCURRING IN PART AND DISSENTING IN PART:

As the original author of the opinion in this case, rendered on March 22, 2024, I concur with the majority opinion. However, I must respectfully dissent to the

-16-

granting of the petitions to modify this opinion, filed by appellees, Cassandra Richardson and Justin Wright, that substitutes initials for appellees' respective names in the caption and throughout the majority opinion.

In both cases, which were considered together by this Court, appellees were seeking to expunge multiple counts of criminal charges that were dismissed by the Fayette Circuit Court in exchange for guilty pleas to other charges. In the case of Cassandra Richardson, fifteen felony charges of theft by unlawful taking over $300 and one misdemeanor charge of theft by unlawful taking under $300 were dismissed in exchange for her guilty plea. In Justin Wright's case, two felony charges including second-degree trafficking in a controlled substance and tampering with physical evidence, along with one misdemeanor charge and three motor vehicle related charges were dismissed in exchange for his guilty plea.

As noted in the majority Opinion, pursuant to KRS 431.076(1)(b) criminal charges dismissed in exchange for guilty pleas are not eligible for expungement. In other words, the criminal charges at issue in both appeals were **not** eligible for expungement and thus were **not** expunged based on our opinion.

Notwithstanding, the majority granted the petition to modify, modifying the opinion by the substitution of initials for names in both Richardson's and Wright's appeal based upon a liberal interpretation of the Rules of Appellate Procedure (RAP) 5(B)(2). The premise being that the opinion briefly

referenced the criminal charges pleaded to by both Richardson and Wright that were rightfully expunged under the statute.[1]  Those charges were not the subject matter of the appeal.  However, reference was necessary in the opinion because those charges were referenced in the orders below on appeal and were briefly discussed by both Richardson and Wright in their respective briefs.  Since those charges were not at issue nor addressed on appeal, the provisions of RAP 5(B)(2) are not applicable to this appeal, in my opinion.

The new appellate rules in Kentucky went into effect on January 1, 2023.  There were no predecessor rules in the former appellate civil rules that mandated the use of initials in any case by this Court.  However, since 2006, by administrative order, the judges of this Court agreed to the use of initials in cases involving victims of sexual crimes and for identifying children and parents in cases involving the termination of parental rights.  Adm. Order 2006-10.  Expungement is not referenced in this Court's administrative orders, nor is there any other rule or statute that mandates the use of initials in any Kentucky court where the expungement of the underlying criminal charges are prohibited by law.

---

[1] Cassandra Richardson's two expunged charges are briefly referenced two times on page three and four of the Opinion (page six and seven of the Modified Opinion) and Justin Wright's one expunged charge is briefly mentioned twice on page eleven of the Opinion (page fourteen of the Modified Opinion).

My position on this issue is bolstered by the recent Supreme Court case cited in this opinion, *Commonwealth v. Davis*, 686 S.W.3d 167 (Ky. 2024). In *Davis*, as in this case, the Fayette Circuit Court granted a petition to expunge charges that the circuit court had dismissed in exchange for a guilty plea to a Medicaid fraud charge. *Id.* at 169. Upon appeal to the Court of Appeals, the circuit court was affirmed by another panel of this Court. Upon discretionary review by the Supreme Court, the Court of Appeals was reversed based upon the controlling language set forth in KRS 431.076(1)(b), which was the same result reached in this case. In *Davis*, the motion for discretionary review was filed in April of 2023 and the opinion was rendered on February 15, 2024, both after the implementation of RAP. *Id.* The Supreme Court opinion identifies Davis by name, not initials, in the caption and throughout the opinion. The Supreme Court makes no reference to RAP 5(B)(2) in *Davis*, as clearly, RAP is not applicable to cases where the expungement of criminal charges is not permitted by applicable law. *Id.* Given that RAP 5(B)(2) is a Supreme Court Rule, I believe this Court is bound by *Davis*, by inference, that the use of initials under RAP is not applicable for expungement involving criminal charges dismissed in exchange for a guilty plea. *Id.*; *see* Supreme Court Rule 1.030(8)(a). Otherwise, any party who wants to trigger the rule can merely recite the word "expunge" in their pleadings on appeal

-19-

and effectively circumvent the law to obtain expungement treatment (identifying parties by initials) for charges not otherwise expungable.

In this regard the legislative intent of KRS 431.076(1)(b) is also being subverted by the use of initials in this case. The Supreme Court has held that Kentucky courts must give effect to the intent of the General Assembly. *Maynes v. Commonwealth*, 361 S.W.3d 922, 924 (Ky. 2012). That intent is derived from the language of the statute or in the context of the subject matter at issue. *Shawnee Telecom Res. Inc. v. Brown*, 354 S.W.3d 542, 551 (Ky. 2011). The statute clearly reflects that the General Assembly did not intend for criminal charges dismissed in exchange for a guilty plea to be expunged, nor should a defendant receive any expungement benefit for said charges which has now occurred in this case.

And, under this scenario, I believe the transparency of our Court is jeopardized as legal participants as well as ordinary citizens are effectively denied the right to review accurate public court records that in this case are being modified to hide the identity of parties for which no compelling reason exists to warrant such action. This erodes public trust in the judiciary and undermines the integrity of the court system, in my opinion.

I recognize that the Commonwealth, the prevailing party in this appeal, did not object to Richardson's or Wright's petitions to modify this opinion. Notwithstanding, I would encourage the Commonwealth to seek discretionary

-20-

review by the Kentucky Supreme Court of this decision for the reasons stated, especially given the Supreme Court's position taken in its recent decision in *Davis*. Upon granting discretionary review, I would also encourage the Supreme Court to revisit RAP 5(B)(2) regarding the use of initials in expungements, and frankly encourage its deletion from the rule. The use of initials in expungement cases by the Court of Appeals has no substantive basis or precedent in other rules or law, and there exists no compelling reason or justification for initials to be used in expungement appeals, in my opinion. At this time, no other Court in Kentucky is using initials for identification in expungement cases other than the Court of Appeals. Absent legislative intent, the Supreme Court should amend RAP 5(B)(2) accordingly.

BRIEFS FOR APPELLANT:

Daniel J. Cameron
Attorney General
Frankfort, Kentucky

Bryan D. Morrow
Assistant Attorney General
Frankfort, Kentucky

BRIEF FOR APPELLEES:

Jennifer M. Casey
W. Preston Bell
Lexington, Kentucky